IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TIM WILSON, II                                                                                              PLAINTIFF
ADC # 160256

v.                                    3:15CV00109-DPM-JJV

GREENE COUNTY DETENTION
CENTER; *et al.*                                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Tim Wilson ("Plaintiff") filed this action *pro se* and pursuant to 42 U.S.C. § 1983 (Doc. No. 5). He alleges that he slipped and injured himself while incarcerated at the Greene County Detention Center. (*Id*. at 4.) After his fall, Defendants Dakota Hall and Marcus Keller injured him further when they attempted to lift him off the floor. (*Id*.) After review of Plaintiff's Complaint, the Court finds that he has failed to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780

F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts."  *Id.*

### III.   ANALYSIS

Plaintiff claims that a leak in the roof of his cell was discovered in January 2015.  (Doc. No. 5 at 4.)  He alleges that he brought the leak to the attention of Defendants Hall and Keller, who brought a trash can to catch the falling water.  (*Id*.)  He was later released on bond, but returned to the Greene County Detention Center in April 2015.  (*Id*.)  After his return, Plaintiff alleges that he slipped and fell on rainwater from the leak, injuring his back and left shoulder.  (*Id*.)  He claims that, in an attempt to lift him to his feet, Defendants Hall and Keller injured him "more." (*Id*.)

#### A.   **Greene County Detention Center and Greene County Sheriff's Office**

Plaintiff's claims against these Defendants must be dismissed.  It is settled law that departments of local government are not suable entities under section 1983.  *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992).

#### B.   **Greene County and City of Paragould**

In order to state a claim against a municipal defendant under section 1983, a claimant must allege that his rights were violated by either: (1) some policy or custom adopted by the defendant; or (2) an identifiable failure to train by the defendant. *City of Canton v. Harris*, 489 U.S. 378, 386-387 (1989). Here, Plaintiff has not identified any policy, custom, or failure to train which would

3

implicate either Greene County or the City of Paragould in his alleged injuries. Accordingly, they should be dismissed.

### C. Defendants Hall and Keller

The Court concludes that, with respect to Plaintiff's slip and fall claims against these Defendants, his remedies lie with a state law tort claim rather than a section 1983 action. *See Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) ("Simply put, [a] 'slip and fall,' without more, does not amount to cruel and unusual punishment. . . . [r]emedy for this type of injury, if any, must be sought in state court under traditional tort law principles."). Accordingly, these claims should be dismissed.

To the extent Plaintiff alleges that Defendant Hall or Keller was deliberately indifferent to his serious medical needs when they attempted to lift him from the floor, the Court also finds these claims should be dismissed. With respect to correctional officers, deliberate indifference to medical needs may be demonstrated by intentionally delaying or denying access to medical care, or by intentionally interfering with prescribed treatment. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Here, Plaintiff does not allege that either Defendant Hall or Keller intentionally delayed or denied him access to medical care.[1] Rather, he alleges they unintentionally injured him when they lifted him off the ground. (Doc. No. 5 at 4.) The Court concludes that this claim sounds in negligence and cannot proceed under section 1983. *Dulany*, 132 F.3d at 1239. ("Mere negligence or medical malpractice, however, are insufficient to give rise to a constitutional violation.").

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint (Doc. No. 5) be DISMISSED without prejudice for

---

[1] In fact, Plaintiff states he was taken to a hospital after his fall. (Doc. No. 5 at 4.)

failure to state a claim upon which relief may be granted.

    2.    Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

    3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 23rd day of July, 2015.

                                              _____
                                              JOE J. VOLPE
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."